U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

**FILED**

JAN 11 2012

CLERK, U.S. DISTRICT COURT
by_____
                    Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| MELLO HIELO ICE, LTD., ET AL., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | NO. 4:11-CV-629-A |
| | § | |
| ICE COLD VENDING LLC, ET AL., | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION
and
ORDER

Now before the court for consideration are the motions of

defendants, Ice Cold Vending LLC ("Ice Cold Vending"), G. M. F.

Industries, Inc. ("GMF"), and Vincent L. Norman ("Norman"), to

dismiss for want of personal jurisdiction, to dismiss for

improper venue, to transfer venue, and to dismiss claims against

Norman for failure to state a cause of action, and a supporting

memorandum of law ("Mem. of Law"), as well as a separate motion

to depose witnesses on issue of jurisdictional facts.[1]

Plaintiffs, Mello Hielo Ice, Ltd. ("Mello Hielo") and Spirit Ice,

LLC ("Spirit Ice"), filed responses to the motions.  Having now

considered all of the parties' filings, plaintiffs' pleadings,

and applicable legal authorities, the court concludes that the

---

[1]Defendants previously sought leave to proceed without local counsel or to designate local counsel, if necessary, following the court's resolution of defendants' motions. The could now concludes that the motion to proceed without local counsel should be denied.

motion to dismiss for want of personal jurisdiction should be granted as to GMF, and that the motions should in all other respects be denied.

## I.

### Background

Plaintiffs initiated this removed action by the filing on January 31, 2011, of their original petition in the District Court of Wise County, Texas, 271st Judicial District. Defendants removed the case to this court following the filing by plaintiffs of their second amended petition on July 25, 2011. Defendants are all citizens of the State of Florida.

In the second amended petition, plaintiffs make the following allegations:

Plaintiffs contracted with Ice Cold Vending for the purchase of commercial ice machines, to be built by GMF at its facility in Florida. During the parties' negotiations, Norman represented to plaintiffs that Ice Cold Vending would stand behind its product, make any necessary repairs, and satisfy its warranty obligations even though the machines were intended for use in Texas. Norman also assured plaintiffs that the ice machines would be of sound quality, would function properly despite the Texas heat, and that the warranty work would be performed to plaintiffs' satisfaction.

Based on Norman's representations, each plaintiff purchased a commercial ice machine. Norman traveled to Texas to oversee the installation of the ice machines. Almost immediately following installation, the machines began to malfunction. Although defendants initially attempted to repair the machines, they were never properly repaired or functional, despite defendants' representations that such repairs would be made. Spirit Ice eventually took its machine out of service.

Each plaintiff alleged claims and causes of action against Ice Cold Vending for breach of contract, breach of express warranty, breach of implied warranty of merchantability, breach of implied warranty of fitness for a particular purpose, violations of the Texas Deceptive Trade Practices Act, and against all three defendants for fraud in the inducement.

## II.

### Grounds of the Motion

A.   Motion to Dismiss for Want of Personal Jurisdiction[2]

Defendants argue that the court lacks in personam jurisdiction over them because they have insufficient contacts with Texas: they have no offices in Texas, and "on occasion may

---

[2]Defendants argue that Florida law controls the court's determination of in personam jurisdiction due to the Florida choice-of-law provision in the parties' contracts. The personal jurisdiction analysis, however, concerns whether the defendant is amenable to service of process under the law of the forum state--Texas--and whether the assertion of jurisdiction over the defendant comports with the Due Process Clause of the Fourteenth Amendment, an issue controlled by federal law. Brown v. Flowers Indus., Inc., 688 F.2d 328, 331-32 (5th Cir. 1982). Florida law thus comes into play only if and when the court reaches issues pertaining to interpretation of the parties' contracts.

sell product to customers in states other than Florida, including
Texas." Mem. of Law at 7. Defendants further argue that signing
the contract in Florida does not constitute a "contact" because
the agreements contemplated shipping a product to Texas, and
"[m]erely by accepting an offer sent from Texas" defendants could
not have reasonably anticipated being haled into court in Texas.[3]
Id.

     In response to the motion to dismiss for want of personal
jurisdiction, plaintiffs provided the declarations of Douglas
Dunlap ("Dunlap"), Scott Murray ("Murray"), and Steve Chapman
("Chapman"), describing the parties' course of dealing leading to
the contracts for purchase of the ice machines and the
representations of Ice Cold Vending and Norman on which
plaintiffs claim they relied in entering the contract.

B.   Motion to Dismiss for Improper Venue

     Defendants contend that plaintiffs have failed to allege any
facts as would support venue in this court, and thus venue is
improper pursuant to 28 U.S.C. § 1391(a).

C.   Motion to Transfer Venue

     In the event venue is found to be proper, defendants ask the
court to transfer the case to the Middle District of Florida
pursuant to 28 U.S.C. § 1404(a). The basis of this argument is

---

[3]In the Memorandum of Law defendants state the motions are supported by the affidavit of
Vincent Norman. The court was unable to locate any such affidavit.

that defendants have their offices, residences, or principal places of business in the Middle District of Florida, all of the alleged wrongful acts occurred in that district, and defendants' employees, who may be key witnesses, are all located in Florida. Further, defendants argue that it would be inconvenient and expensive for defendants and their witnesses to travel to the Northern District of Texas, and the contract issues are to be governed by Florida law, thus making Florida a better choice of forum than Texas.

D.    <u>Motion to Dismiss Claims Against Norman</u>

Norman contends that plaintiffs have failed to state a cause of action against him because plaintiffs' claims are barred by the two-year statute of limitations in § 16.003 of the Texas Civil Practice & Remedies Code, and because plaintiffs failed to allege any contractual relationship between him and plaintiffs or to allege any representations Norman may have made.

E.    <u>Defendants' Motion for Jurisdictional Discovery</u>

Defendants seek leave to depose Dunlap, Murray, and Chapman to obtain jurisdictional facts.  The basis of the motion for discovery is that the declarations are generally non-specific about the facts supporting plaintiffs' jurisdictional allegations.  Defendants also seek to depose anyone else plaintiffs might identify with knowledge of such jurisdictional facts.

III.

Analysis

A.   Personal Jurisdiction

    1.   Law Applicable to Personal Jurisdiction

When a nonresident defendant challenges personal
jurisdiction, the plaintiff bears the burden of proving that
jurisdiction exists.  Luv N' Care, Ltd. v. Insta-Mix, Inc., 438
F.3d 465, 469 (5th Cir. 2006).  The plaintiff need not, however,
prove jurisdiction by a preponderance of the evidence; a prima
facie showing is sufficient.  Id.  In resolving the
jurisdictional issue, the court may consider anything on file in
the record, including the pleadings, "affidavits,
interrogatories, depositions, oral testimony, or any combination
of the recognized methods of discovery."  Revell v. Lidov, 317
F.3d 467, 469 (5th Cir. 2002).

In a diversity action, a federal court may exercise personal
jurisdiction over a nonresident defendant if: (1) the nonresident
defendant is amenable to service of process under the long-arm
statute of the forum state, and (2) the exercise of personal
jurisdiction is consistent with the Due Process Clause of the
Fourteenth Amendment.  Id.  The Texas long-arm statute has been
interpreted to reach as far as the federal Constitution permits.
See, e.g., Kawasaki Steel Corp. v. Middleton, 699 S.W.2d 199, 200
(Tex. 1985) (per curiam).  Accordingly, the court need only

decide whether exercising jurisdiction over defendants in Texas is consistent with the Due Process Clause. Revell, 317 F.3d at 469-70.

The exercise of jurisdiction over a nonresident defendant comports with the Due Process Clause if (1) the defendant has "minimum contacts" with the forum state; and (2) the exercise of jurisdiction over that defendant does not offend "traditional notions of fair play and substantial justice." Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945). To establish minimum contacts with the forum state, a defendant must do some act by which it "'purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws.'" Growden v. Ed Bowlin & Assocs., Inc., 733 F.2d 1149, 1151 (5th Cir. 1984) (quoting Hanson v. Denckla, 357 U.S. 235, 253 (1958)). "The defendant's conduct and connection with the forum state must be such that [it] should reasonably anticipate being haled into court in the forum state." Id. (citing World-Wide Volkswagen v. Woodson, 444 U.S. 286, 297 (1980)).

Minimum contacts may give rise to either specific or general jurisdiction. Luv N' Care, 438 F.3d at 469. Specific jurisdiction exists when a defendant "has 'purposefully directed' [its] activities at residents of the forum, and the litigation results from alleged injuries that 'arise out of or relate to'

those activities." <u>Burger King Corp. v. Rudzewicz</u>, 471 U.S. 462, 472 (1985) (citations omitted). Even if the controversy does not arise out of or relate to the defendant's purposeful contacts with the forum, general jurisdiction may be exercised if the defendant's contacts with the forum are sufficiently continuous and systematic to support the reasonable exercise of jurisdiction. <u>Helicopteros Nacionales de Colombia, S.A. v. Hall</u>, 466 U.S. 408, 414 & n.9 (1984).

In some cases a single act by a defendant may be sufficient to confer personal jurisdiction if the act gives rise to the plaintiff's claims, particularly when the act or communication involves an intentional tort. <u>Lewis v. Fresne</u>, 252 F.3d 352, 358-59 (5th Cir. 2001); <u>Brown v. Flowers Indus.</u>, 688 F.2d 328, 332-34 (5th Cir. 1982). "When the actual content of communications with a forum gives rise to intentional tort causes of action, this alone constitutes purposeful availment." <u>Lewis</u>, 252 F.3d at 359 (brackets omitted) (quoting <u>Wien Air Alaska, Inc. v. Brandt</u>, 195 F.3d 208, 213 (5th Cir. 1999)).

Once the plaintiff proves that defendant has sufficient minimum contacts with the forum to support jurisdiction, the burden shifts to defendant to show that the exercise of jurisdiction would offend traditional notions of fair play and substantial justice. <u>Int'l Shoe Co.</u>, 326 U.S. at 316. In determining whether the exercise of jurisdiction comports with

traditional notions of fair play and substantial justice, the
court looks to the following factors: (1) the burden on the
defendant of litigating in the forum state, (2) the interests of
the forum state in adjudicating the case, (3) the plaintiff's
interest in obtaining relief, (4) the interstate judicial
system's interest in obtaining the most efficient resolution of
controversies, and (5) the shared interest of the several states
in furthering fundamental substantive social policies.  Asahi
Metal Indus. Co. v. Super. Ct., 480 U.S. 102, 113 (1987).

     2.   Application of Law to Facts

     Plaintiffs do not contend that the court has general
jurisdiction over the defendants.  As a result, the court will
analyze only whether defendants have sufficient minimum contacts
with Texas to support the exercise of specific jurisdiction.

     The court is satisfied that Ice Cold Vending and Norman have
"minimum contacts" with Texas.  Through the declarations of
Dunlap, Murray, and Chapman, plaintiffs have alleged
communications and negotiations by Norman and Ice Cold Vending
with plaintiffs in Texas, the nature of which should have alerted
Norman and Ice Cold Vending that they might be sued in Texas in
connection with those communications.  In particular, plaintiffs
allege that Ice Cold Vending and Norman made fraudulent
misrepresentations concerning the quality of the ice machines and
the warranty work that was available and would be performed on

the machines, and they allege that Norman made these representations during contract negotiations and while supervising the installation of the machines in Texas. Defendants filed nothing to controvert plaintiffs' declarations.

The alleged misrepresentations form the basis of at least one of plaintiffs' causes of action. These alleged contacts, directed at the forum state and from which a portion of the claims and causes of action arises, are sufficient to demonstrate purposeful availment and satisfy the minimum contacts necessary for the court to exercise specific jurisdiction over Norman and Ice Cold Vending. See, e.g., Lewis, 252 F.3d at 358-59; Wien Air Alaska, 195 F.3d at 213.[4]

In contrast, the court concludes that plaintiffs have failed to allege sufficient contacts between GMF and Texas to support a finding of in personam jurisdiction over GMF. The only allegations against GMF are that plaintiffs toured its manufacturing facilities upon invitation of Norman on behalf of Ice Cold Vending. Based on this tour, plaintiffs were led to believe the commercial ice machines were to be manufactured at GMF's facilities. These facts fail to allege contacts by which

---

[4]Plaintiffs allege that Norman is president of Ice Cold Vending. Defendants did not argue for application of the fiduciary shield doctrine, which holds that an individual's transaction of business within the state solely as a corporate officer does not create personal jurisdiction over the individual even though the state has in personam jurisdiction over the corporation. Stuart v. Spademan, 772 F.2d 1185, 1197 (5th Cir. 1985). One exception to the fiduciary shield doctrine exists where the individual commits an intentional tort expressly aimed at the forum state. Calder v. Jones, 465 U.S. 783, 789-90 (1984). Plaintiffs have sufficiently alleged that Norman committed an intentional tort, thus rendering the fiduciary shield doctrine inapplicable.

GMF would have reasonably anticipated being haled into court in Texas.

Because plaintiffs have established Norman's and Ice Cold Vending's minimum contacts with Texas, the burden shifts to defendants to show that assertion of jurisdiction over them would be unfair. Wien Air Alaska, 195 F.3d at 215. Defendants failed to address any of the fairness factors in their motion. The court concludes that the exercise of jurisdiction over Norman and Ice Cold Vending is consistent with "traditional notions of fair play and substantial justice." Id. (citations omitted).

B.   Improper Venue

Defendants rely on the general venue statue, 28 U.S.C. § 1391, and argue that jurisdiction is proper in the Middle District of Florida, rather than the Northern District of Texas.

As the United States Supreme Court has explained, however, § 1391 has no application to a removed action. Polizzi v. Cowles Magazines, Inc., 345 U.S. 663, 665 (1953). Venue of removed actions is governed by 28 U.S.C. § 1441(a). Id. Accordingly, venue is proper in the Fort Worth Division of the United States District Court for the Northern District of Texas, which is the district and division embracing the place where the action was pending at the time of removal. 28 U.S.C. § 1441(a). The motion to dismiss for improper venue is denied.

C.   Transfer Venue

Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." As the language of the statute suggests, the threshold determination under § 1404(a) is whether the action might have been brought in the proposed destination venue. In re Volkswagen AG, 371 F.3d 201, 203 (5th Cir. 2004) (per curiam). If so, the court must then determine whether "convenience" and "the interest of justice" warrant the requested transfer. As the Fifth Circuit explained:

> The determination of "convenience" turns on a number of private and public interest factors, none of which are given dispositive weight. The private concerns include: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive. The public concerns include: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [and] the application of foreign law.

Id. (citations omitted).

The party moving for transfer bears the burden of showing that transfer is appropriate. In re Volkswagen of Am., Inc., 545 F.3d 304, 315 (5th Cir. 2008) (en banc). It must demonstrate based on the factors enumerated above that the transferee venue

12

is "clearly more convenient" than the plaintiff's choice of venue.  Id.

Plaintiffs do not deny that this action might have been brought in the Middle District of Florida.  Thus, the dispositive issue is whether the convenience of the parties and witnesses and the interest of justice would be served if this action were tried in the Middle District of Florida rather than the Northern District of Texas.

Turning to the relevant private-interest factors, the court finds that they weigh heavily in favor of neither Florida nor Texas.  While defendants argue that their offices and principal places of business, and presumably their sources of proof, are in Florida, Spirit Ice's principal place of business is in Texas, Mello Hielo's principal office is in Mississippi, and those are likely also the locations of their sources of proof.  The commercial ice machines that are the subject of the litigation are also located in Texas, and one is in the Northern District of Texas.

Defendants claim it will be inconvenient and expensive for them and their witnesses, who are employees, to travel to Texas to defend this suit.  The reverse is true as well, however: plaintiffs' witnesses and employees are located primarily in Texas, and they would face similar expense and inconvenience in traveling to Florida to prosecute this action.

Defendants contend it would be "impossible" for them to require their key witnesses to travel to Texas. However, because defendants' witnesses are also their employees, the court is not persuaded that defendants would be unable to secure their attendance at a trial in Texas.[5] Further, to the extent plaintiffs intend to call end-users of the commercial ice machines to testify, as they contend, the burden on these non-party witnesses would be greater than that imposed on any of the parties to the action, nor would those witnesses be subject to compulsory process in Florida.

At most, the private-interest factors appear fairly equally divided. The possibility of non-party witnesses tips the scale against transfer. Additionally, although the plaintiffs' choice of forum is neither conclusive nor determinative, In re Horseshoe Entertainment, 337 F.3d 429, 434 (5th Cir. 2003) (per curiam), it is an additional factor to consider, and it too weighs against transfer.

As to the public-interest factors, defendants argue only that because of the Florida choice-of-law provision in the contracts, a Florida judge would be more familiar with interpretation and application of applicable law. As plaintiffs point out, however, they have also asserted a claim under the

---

[5]Defendants did not address the fourth private-interest factor, the "practical problems that make trial of a case easy, expeditious and inexpensive." In re Volkswagen AG, 371 F.3d 201, 203 (5th Cir. 2004) (per curiam).

Texas DTPA, with which a Florida judge is less likely to be familiar.

Considering all of the factors, the court finds that defendants have failed to carry their burden to persuade the court that maintenance of this action in the Middle District of Florida is "clearly more convenient" than in the Northern District of Texas.  The motion to transfer venue is denied.

D.    Failure to State A Claim Against Norman

Norman's reliance on § 16.003 of the Texas Civil Practice & Remedies Code in support of his motion is misplaced. The only claim and cause of action alleged against Norman is fraudulent inducement.  Section 16.003 does not apply to such claims.  Rather, claims of fraud are governed by the four-year limitations period imposed by section 16.004.

Additionally, contrary to defendants' assertions, the second amended petition contains a number of representations allegedly made by Norman to plaintiffs, which plaintiffs contend were false, that form the basis of plaintiffs' fraudulent inducement claim against Norman.  Accordingly, the motion to dismiss claims against Norman is denied.

E.    Motion for Discovery

A plaintiff seeking discovery on matters of personal jurisdiction is expected to identify the discovery needed, the facts expected to be obtained thereby, and how such information

would support personal jurisdiction.  <u>Kelly v. Syria Shell</u>
<u>Petroleum Dev. B.V.</u>, 213 F.3d 841, 855 (5th Cir. 2000).
Defendants have directed the court to no authority where a
defendant sought or was allowed jurisdictional discovery, but the
court can see no reason why a lesser burden should not be imposed
in such a case.

Defendants here have alleged no facts they anticipate
obtaining by deposing plaintiffs' witnesses, nor do they attempt
to explain why they are unable to controvert the pertinent
portions of plaintiffs' declarations without the depositions.
Whatever defendants expected to obtain from the requested
discovery, they have failed to explain how it would assist the
court in its jurisdictional determination.  The motion for
discovery is denied.

IV.

<u>Order</u>

Therefore,

The court ORDERS that defendants' motion to dismiss for lack
of personal jurisdiction be, and is hereby, granted as to GMF,
and that all claims and causes of action asserted by plaintiffs
against GMF be, and are hereby, dismissed.

The court determines that there is no just reason for delay
in, and hereby directs, entry of final judgment as to such
dismissal.

16

The court further ORDERS that defendants' motion to dismiss for lack of personal jurisdiction, motion to dismiss for improper venue, motion to transfer venue, motion to dismiss for failure to state a claim for relief against Norman, and motion for discovery be, and are hereby, denied.

The court further ORDERS that defendants' motion for leave to proceed without local counsel be, and is hereby, denied, and that by January 25, 2012, defendants file a written designation of local counsel, consistent with the requirements of LR 83.10 of the Local Civil Rules of the United States District Court for the Northern District of Texas.

SIGNED January 11, 2012.

JOHN McBRYDE
United States District Judge